IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN HOMER MARCH and
VICTORIA BACA MARCH,

        Appellants,

v.                                                    CIV 01-895 LH/KBM

INTERNAL REVENUE SERVICE,

        Appellee.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        This is a bankruptcy appeal under 28 U.S.C. § 158(a), where this Court reviews the bankruptcy court's legal determinations *de novo* and its factual findings for clear error. *E.g., In re Hedged-Investments Associates, Inc.,* 84 F.3d 1267 (10th Cir. 1996). The matter was referred to me for a recommended disposition. The factual background is fully set out in the parties briefs and the record on appeal and incorporated herein by reference.

        The IRS filed a proof of claim for unpaid taxes for various years supported by several "Summary Record of Assessment" or "4340" computer data reports. These reports are certified and show the "23C" dates. Appellants argue that the IRS's claim is invalid absent production of the actual, signed underlying "23C" forms. These arguments are unavailing for the reasons stated by the Bankruptcy Court in its two orders and by the IRS in its brief. *See also e.g., Taylor v. Internal Revenue Service,* 69 F.3d 411, 418 (10th Cir. 1995); *Guthrie v. Sawyer,* 970 F.2d 733, 737 (10th Cir. 1992); *United States v. Tempelman,* 111 F. Supp. 2d 85, 90 (D.N.H. 2000), *aff'd,* 2001 WL 725370 (1st Cir. 2001), *pet. for cert. filed* 10/19/01; *United States v. Estabrook,* 78

F.Supp.2d 558, 561-62 (N.D. Tex. 1999) (and other Fifth Circuit decisions cited therein); *In re Rosemiller,* 188 B.R. 129, 137-39 (Bkrtcy. D. N. J. 1995). The cases Appellants cite in their brief do not address the 4340/23C issue at all. Even if *Brafman v. United States,* 384 F.2d 863 (5th Cir. 1967), is on point, it is not persuasive in light of the controlling and other recent authority cited above.

In the conclusion portion of their brief, Appellants suggest that in the alternative, the 4340 forms cannot be used as substitutes for the 23C from because the 4340 reports are not "duly certified by the seal of the district director as required by 26 C.F.R. Part 301.7513 (c) and (d)." *Doc. 5* at 6. As an initial matter, the reference to 301.5713 is probably a typographical error. That regulation authorizes the IRS to contract with others to make copies of IRS records. It has no subsection (d), does not mention a seal, and subsection (c) provides that reproductions have the same legal status as originals. Regulation 301.7514, which Appellants cited in the bankruptcy pleadings for a different argument, governs seals. *See Record, Doc. 96* at 2.

The alternative argument is without merit for two reasons. First it is waived, as Appellants never took this alternative position before the bankruptcy court. *E.g., Buncher Co. v. Official Committee of Unsecured Creditors of GenFarm Ltd. Partnership IV,* 229 F.3d 245, 253 (3rd Cir. 2000) ("We agree with the District Court that the Buncher Group waived the lien issue by failing to raise it in the Bankruptcy Court."). Second, it is patently without merit. Copies of the certification pages for the 4340 exhibits contain the seal. *Record, Doc. 87,* Exh. 6.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the Bankruptcy Court be affirmed and this appeal dismissed.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE